UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DIANA BURGESS,

    Plaintiff,

    v.

WALMART, INC., *et al.*,

    Defendants.

Civ. No. 21-20029 (MAS)(JBD)

MEMORANDUM ORDER

Before the Court is a motion filed by Rhonda Hill Wilson, Esq. ("withdrawing counsel"), for leave to withdraw her and her law firm's appearance on behalf of plaintiff Diana Burgess, and a petition, subsequently amended, to impose an attorney's services lien.  [Dkts. 74, 75, 80.]  The Court has considered the papers submitted in support of the motion and the amended petition.  For the reasons set forth below, the Court will grant the motion to withdraw.  With respect to the amended petition to impose an attorney's services lien, the Court recognizes it as properly filed but does not take formal action at this time because it is premature to do so.  Upon resolution of this case, the Court will set an appropriate schedule to resolve withdrawing counsel's request for a lien.

I.    **BACKGROUND**

In June 2021, plaintiff retained withdrawing counsel on a contingency basis to represent her in this personal injury case arising from a slip and fall incident that occurred at Walmart in August 2020.  [Dkt. 80-1] at 1.  After nearly five years and a substantial amount of work, withdrawing counsel now represents that the

attorney-client relationship has deteriorated and that her continued representation of plaintiff "has been rendered unreasonably difficult by the client." *Id*. at 2 (quoting N.J. RPC 1.16(b)(6)). According to withdrawing counsel's certification, the deteriorating relationship stems from plaintiff's refusal to speak with her since March 2025, as well as plaintiff's "insist[ence] upon taking action with which [withdrawing counsel] has a fundamental disagreement . . . ." *Id*. at 3. As a result of the deteriorating relationship, withdrawing counsel provided her client with a "reasonable warning on January 16, 2026, that [counsel] would withdraw from this case unless [plaintiff] fulfilled [her] obligation to communicate" with counsel. *Id*. at 3. Withdrawing counsel certifies that plaintiff has failed to do so, and therefore requests to withdraw from her representation of plaintiff in this case.

To secure compensation for her work, withdrawing counsel also filed a petition (later amended) pursuant to the New Jersey Attorney's Lien Act of 1914, N.J.S.A. 2A:13-5 (amended 1952), seeking the imposition of an attorney's services lien on any potential settlement or damages award that plaintiff obtains in this case. [Dkts. 75, 80.] The amended petition requests that the Court set an appropriate schedule to resolve the petition, impose an attorney's services lien for a sum certain, and order that the defendant's insurer be prohibited from paying the plaintiff any damages until the attorney's services lien is satisfied. [Dkt. 80] at 5-6. Withdrawing counsel has notified plaintiff of the amended petition by serving it on her. *Id*. at 7; [Dkt. 80-1]. Withdrawing counsel also has set forth facts and evidence to aid the Court in determining whether to impose an attorney's services lien and,

if so, in what amount.  *See id.*; [Dkt. 80-2]; [Dkt. 80-3]; [Dkt. 80-4].  Withdrawing

counsel states that she has represented plaintiff on a contingency basis since

June 2021 and performed extensive work for plaintiff before seeking to withdraw.

She also has identified the costs incurred while representing plaintiff, identified her

hourly billing rates for the years in which she represented plaintiff, and submitted

her billing records for this case.  [Dkt. 80] at 1-6; [Dkt. 80-2]; [Dkt. 80-3];

[Dkt. 80-4].

## II.    DISCUSSION

### A.    Motion to Withdraw

Rule 1.16(b) of the New Jersey Rules of Professional Conduct (RPC) identifies

several situations in which a lawyer may withdraw from representing a client.

Relevant here, withdrawal is permitted if:  (1) it "can be accomplished without

material adverse effect on the interests of the client;" (2) "the client insists upon

taking action that the lawyer considers repugnant or with which the lawyer has a

fundamental disagreement;" (3) "the client fails substantially to fulfill an obligation

to the lawyer regarding the lawyer's services and has been given reasonable

warning that the lawyer will withdraw unless the obligation is fulfilled"; or

(4) "other good cause for withdrawal exists."  N.J. RPC 1.16(b).  Before withdrawal

may occur, however, the withdrawing attorney "must notify the client in advance"

and "must also notify the client of the grounds for withdrawal."  *Garrett v. Matisa*,

927 A.2d 177, 179 (N.J. Super. Ct. Ch. Div. 2007) (citing *In re Schwartz*, 493 A.2d

1248, 1253 (N.J. 1985); *Montanez v. Irizarry-Rodriguez*, 641 A.2d 1079, 1085 (N.J.

3

Super. Ct. App. Div. 1994)).  Upon termination of representation, the lawyer also must take reasonable steps to protect the client's interests, including giving reasonable notice to the client as well as surrendering any materials to which the client is entitled.  N.J. RPC 1.16(d).  Whether to permit an attorney to withdraw is within the Court's discretion.  *See Haines v. Liggett Grp., Inc.*, 814 F. Supp. 414, 422-23 (D.N.J. 1993) (citations omitted) (explaining that a court's decision on whether to allow withdrawal is discretionary because, notwithstanding good cause, a court must consider whether withdrawal is fair to the litigants, if it would preserve judicial resources and promote efficiency, how close the case is to trial, and the possibility for the client to obtain other representation).

On review of withdrawing counsel's motion here, the Court finds good cause for withdrawal.  Plaintiff's refusal to speak with withdrawing counsel for an extended period by any means other than electronic communication is a clear failure "to fulfill an obligation to the lawyer regarding the lawyer's services." N.J. RPC 1.16(b)(5).  As a practical matter, it seems difficult (if not impossible) for withdrawing counsel to advocate zealously on plaintiff's behalf if plaintiff will not speak with her.  Moreover, withdrawing counsel has provided her client with the necessary advance notice that she would withdraw unless plaintiff fulfilled her obligation to communicate with counsel.  RPC 1.16(b)(5); *Garrett*, 927 A.2d at 179. Along with the breakdown in communication, withdrawing counsel also certifies that she and plaintiff have a "fundamental disagreement" about the value of plaintiff's case, rendering continued representation untenable.  Taken together,

these circumstances establish that withdrawing counsel has properly notified her client of her intent to withdraw, her grounds to withdraw, and her good cause for doing so.  Accordingly, the Court will grant the motion to withdraw.  Withdrawing counsel will be directed to serve a copy of this Order on plaintiff and file an appropriate certification establishing that plaintiff has received it.  Plaintiff will be afforded a reasonable time to secure new counsel if she wishes to do so.

**B.      Amended Petition for an Attorney's Services Lien**

As described above, withdrawing counsel also has filed an amended petition requesting the imposition of an attorney's services lien.  The Court recognizes the petition as properly filed, but the Court does not take action on it at this time because plaintiff's underlying case is still proceeding.

Under the New Jersey Attorney's Lien Act of 1914, an attorney who represented a party in an action can seek a lien for compensation when the attorney's services procured a favorable judgment or award for her client. N.J.S.A. 2A:13-5 (amended 1952).[1]  The statute codifies and expands the common law's

---

[1]      The full text of the statute provides:

After the filing of a complaint or third-party complaint or the service of a pleading containing a counterclaim or cross-claim, the attorney or counsellor at law, who shall appear in the cause for the party instituting the action or maintaining the third-party claim or counterclaim or cross-claim, shall have a lien for compensation, upon his client's action, cause of action, claim or counterclaim or cross-claim, which shall contain and attach to a verdict, report, decision, award, judgment or final order in his client's favor, and the proceeds thereof in whosesoever hands they may come.  The lien shall not be affected by any settlement between the parties before or after judgment or final order, nor by the entry of satisfaction or cancellation of a judgment on the record.  The court in which the action or other proceeding is pending, upon the petition of the

recognition of an attorney's services lien (also referred to as a "charging lien") to "protect attorneys who do not have actual possession of assets against clients who may not pay for services rendered." *Martin v. Martin*, 762 A.2d 246, 252 (N.J. Super. Ct. App. Div. 2000) (citations omitted); *see also Norrell v. Chasan*, 4 A.2d 88, 90-91 (N.J. 1939) (examining the common law attorney's charging lien and the statutory charging lien under the Attorney's Lien Act). Although the attorney's services lien is now codified, it still is "rooted in equitable considerations, and its enforcement is within the equitable jurisdiction of the courts." *Martin*, 762 A.2d at 252 (citations omitted).

For an attorney's services lien to attach to a judgment and its corresponding proceeds, N.J.S.A. 2A:13-5, the attorney seeking the lien must follow a three-step procedure set forth in *Levine v. Levine*, 884 A.2d 222 (N.J. Super. Ct. App. Div. 2005). First, the attorney should file a petition for a lien in the main cause of action. *Id.* at 227 (citation omitted); *see also Musikoff v. Jay Parrino's The Mint, L.L.C.*, 796 A.2d 866, 868, 872-74 (N.J. 2002) (interpreting the Attorney's Lien Act to permit an attorney to file a petition for an attorney's lien in a main cause of action before or after a final judgment is entered, and before or after settlement of an action). The petition itself must: (i) set forth the facts that the attorney requests the Court to rely on in the determining and enforcing the potential lien; (ii) request a schedule to resolve the petition, including a time for responsive pleadings to the

---

attorney or counsellor at law, may determine and enforce the lien. N.J.S.A. 2A:13-5 (amended 1952).

petition, pre-trial proceedings including discovery, and a plenary hearing; and (iii) be served on interested parties. *Id.* (citations omitted); *Musikoff*, 796 A.2d at 873 (quoting *H. & H. Ranch Homes, Inc. v. Smith*, 148 A.2d 837, 840 (N.J. Super. Ct. App. Div. 1959); *see also Shalit v. Shalit*, 732 A.2d 1152, 1154 (N.J. Super. Ct. Ch. Div. 1999) (explaining that the modern analogy to a "petition," as used in the Attorney's Lien Act, "is a motion that cannot be resolved except by plenary hearing."). Second, the Court issues an order that sets a hearing date to address the petition for the attorney's services lien, and that order, with a copy of the petition, is served on interested parties. *Id.* (citations omitted). Third, proceedings to adjudicate the petition for the lien proceed on a schedule that the Court sets. *Id.* (citations omitted). In short, the Court does not impose an attorney's services lien based on a preliminary request from withdrawing counsel, but rather at the conclusion of a plenary hearing to determine whether to impose an attorney's services lien and, if so, in what amount.

Importantly, however, an attorney's services lien must—and may only— attach to an award, settlement, or judgment. N.J.S.A. 2A:13-5. Necessarily, imposition of a lien must wait for a "recovery by way of final judgement or settlement[,]" because "[t]he Court cannot enforce a lien that has not yet attached to anything." *SCE Grp., Inc. v. Garson*, Civ. No. 21-19944 (JBC), 2024 WL 3387355, at *3 (D.N.J. June 7, 2024). In other words, an attorney may notice her asserted right to an attorney's services lien by filing a petition "while the action is still pending, but actual entitlement to the lien may not be determined until a final judgment has

7

been entered." *Singer Mgmt. Consultants v. Milgram*, Civ. No. 07-3929 (ES), 2008 WL 11382287, at \*3 (D.N.J. Dec. 29, 2008) (citing *Martin*, 762 A.2d at 252).

Moreover, the process for determining the proper fee allocation demonstrates, as a practical matter, why an attorney's request for a services lien must await resolution of the main action. If, for example, a plaintiff obtains a judgment or settlement to which a lien can attach and if a court decides that a lien should be imposed, the next question is the amount of the lien. Generally, when an attorney is hired on a contingency basis but withdraws or is discharged before resolution of the action, the attorney is entitled to recover in quantum meruit for the fair value of her services. *See Cohen v. Radio-Elec. Officers Union, Dist. 3*, 679 A.2d 1188, 1199-1200 (N.J. 1996) (collecting cases and adopting the modern rule that recovery is based on a quantum meruit theory); *Glick v. Barclays De Zoete Wedd, Inc.*, 692 A.2d 1004, 1010 (N.J. Super. Ct. App. Div. 1997) (outlining considerations for quantum meruit to aid in determining how much an attorney deserves for their prior services). And when there is a change of counsel, a court apportions a fee award between new and former counsel on a quantum meruit basis according to the relative value of each attorney's contribution. *See La Mantia v. Durst*, 561 A.2d 275, 276-80 (N.J. Super. Ct. App. Div. 1989) (recognizing a distribution of a contingency fee award between two firms is a fact-sensitive inquiry in which the court should apportion the attorney's fee based on quantum meruit). In short, determining the allocation of attorneys' fees is an equitable exercise that requires knowing both the specific settlement or judgment amount to which a lien will attach

and the relative value of counsel's services provided through the conclusion of the proceedings.

Here, withdrawing counsel has satisfied the first step in seeking an attorney's services lien. She has filed an amended petition before the Court in which the main action is proceeding; put the plaintiff on notice of her petition by serving plaintiff with it; set forth the facts that withdrawing counsel believes the Court should rely on in determining whether an attorney's lien should be granted and the amount of the lien; and requested that the Court set the necessary schedule for the petition. The Court therefore recognizes withdrawing counsel's amended petition as properly filed.

The Court, however, defers further action on the amended petition at this time. Plaintiff's personal injury action is still pending and there is no settlement or judgment in plaintiff's favor to which an attorney's services lien can attach. Additionally, plaintiff has not yet secured new counsel. If plaintiff does retain new counsel and does secure a judgment or settlement, the Court will have to make an equitable determination of the proper allocation of fees between withdrawing counsel and successor counsel. *La Mantia*, 561 A.2d at 539; *Martin*, 762 A.2d at 254. As described above, determining the amount of any attorney's services lien requires a full view of all the proceedings and cannot be determined at this time. Unless and until there is a settlement or a judgment, determining the appropriate amount of an award and resulting lien in withdrawing counsel's favor is legally impossible and therefore premature. *See SCE Grp.*, 2024 WL 3387355, at *3-4

(declining to impose and enforce an attorney's services lien while the underlying litigation remained pending but recognizing that counsel may seek a lien at the conclusion of the proceedings).  Accordingly, the Court will take further action on withdrawing counsel's petition upon the conclusion of the underlying action.

### III.   CONCLUSION

For the reasons stated,

**IT IS** on this **13th** day of **May**, **2026,**

**ORDERED** that withdrawing counsel's motion to withdraw [Dkt. 74] is **GRANTED**; and it is further

**ORDERED** that withdrawing counsel shall serve a copy of this Order on plaintiff within three (3) days of the date of this Order by (1) certified mail, return receipt requested; (2) first-class mail; and (3) any other method by which plaintiff's receipt of this Order is reasonably likely and susceptible to confirmation; and it is further

**ORDERED** that within ten (10) days of the date of this Order, withdrawing counsel shall file a signed certification via CM/ECF, along with supporting documentation, (1) detailing the manner in which withdrawing counsel served a copy of this Order on plaintiff, and (2) detailing withdrawing counsel's efforts to confirm plaintiff's receipt of this Order; and it is further

**ORDERED** that if plaintiff intends to retain new counsel, counsel shall enter his or her appearance no later than **June 13, 2026**; and it is further

**ORDERED** that the Court RECOGNIZES withdrawing counsel's amended petition for an attorney's services lien, [Dkt. 80], but the Court DEFERS action on it at this time and will set a schedule to address the petition in due course.

J. BRENDAN DAY
UNITED STATES MAGISTRATE JUDGE

11